## YUKON MILL & GRAIN CO. v. LONE STAR S. S. CO.

District Court, S. D. Texas, at Galveston.

Nov. 19, 1929.

Fulbright, Crooker & Freeman and Carl G. Stearns, all of Houston, Tex., for libelant.

Terry, Cavin & Mills, of Galveston, Tex., for defendant.

HUTCHESON, District Judge.

In this case the libelant is clearly entitled to recover for the mishandling of its shipment, unless clause 9 in the bill of lading

as follows: "9. The carrier shall have liberty, in its discretion, before or after shipment, or loading, to substitute or ship the whole or any part of the goods by any other steamship or steamships, although prior or subsequent; and shall have liberty in its discretion, at any port or place, to tranship, land and tranship or forward the goods, or put into store, craft or other available space and thence tranship and forward the same to, or en route to destination by any ship or ships, carrier or carriers, by land and/or water, subject as to such continuing carrier to the provisions of the usual bill of lading of such carrier, whether issued or not, and upon the delivery of the goods into the custody of a continuing carrier or representative, shall thereupon be relieved of all further responsibility for the goods, and the clean receipt of the continuing carrier, or representative, shall be evidence as against the shipper, consignee, and/or assigns of delivery of the goods to the continuing carrier in good order and condition"—exempts the carrier.

It will be noted that the bill of lading provides: "Shipper, Yukon Mill & Grain Co., Vessel S. S. South Seas, Discharging Port Petit Goave, Haiti, there to be delivered to consignee, order of shippers or assigns notify Abraham Sabba, of Petit Goave, Haiti."

This is a provision for through carriage, and the question for decision is whether the carrier can, in a contract of through carriage, insert an exemption from liability such as that contained in clause 9.

Such a clause is in my opinion, invalid, Colton v. N. Y. & Cuba Mail S. S. Co. (C. C. A.) 27 F.(2d) 671, 1928 A. M. C. 1391; Caldernon v. Atlas Steamship Co., 170 U. S. 272, 18 S. Ct. 588, 42 L. Ed. 1033; Carver on Carriage of Goods by Sea (6th Ed.) 146, 147; and libelant should have its decree.